UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAVANNA S.,

                     Plaintiff,

v.                                                       CASE # 20-cv-01651

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER         KENNETH R. HILLER, ESQ.
 Counsel for Plaintiff                               AMANDA L. WEBER, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              NAHID SOROOSHYARI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.    **RELEVANT BACKGROUND**

    A.    **Factual Background**

Plaintiff was born on February 7, 1992 and has at least a high school education. (Tr. 193, 201). Generally, plaintiff's alleged disability consists of systemic lupus erythematosus. (Tr. 192). Her alleged onset date of disability is May 29, 2017, and the date last insured was December 31, 2021. (Tr. 201).

    B.    **Procedural History**

Plaintiff protectively filed applications for Title II and Title XVI benefits on July 28, 2017. (Tr. 166, 168). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On August 27, 2019, plaintiff appeared before ALJ Stephan Bell. (Tr. 32-73). On September 26, 2019, ALJ Bell issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-25). On September 9, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    C.    **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant has engaged in substantial gainful activity during the following periods: the second and third quarters of 2018 (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 e*t seq*.).

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: systemic lupus erythematosus (20 CFR 404.1520(c) and 416.920(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

6. Based on careful consideration of the entire record, the claimant has the residual functional capacity to perform light work because she can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours, stand for six hours, walk for six hours, and push and pull as much as she can lift and carry, as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can work at unprotected heights occasionally, around moving mechanical parts occasionally, and operate a motor vehicle occasionally. She can work in vibration frequently.

7. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born on February 7, 1992 and was 25 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.1569a, and 416.969(a)).

12. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-25).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff argues the ALJ relied on her own lay opinion instead of opinion evidence in the record to formulate an RFC not supported by substantial evidence. (Dkt. No. 9 [Pl.'s Mem. of Law).

### B. Defendant's Arguments

Defendant asserts the RFC is supported by substantial evidence and the ALJ reasonably considered all evidence of record. (Dkt. No. 12 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff argues the RFC is not supported because the ALJ did not rely on a medical opinion when formulating the physical RFC but rather relied on her own lay interpretation of evidence. (Dkt. No. 9 at 10). The Court finds this argument without merit.

It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Additionally, it has been well-decided that the ALJ is free to reject portions of a medical opinion that are not supported by objective evidence of record, while accepting those portions that are supported by the record. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002). Absent a medical opinion, an ALJ is permitted to make determinations related to severe impairments where the record contains sufficient evidence. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

Plaintiff argues the ALJ relied on her lay opinion to formulate plaintiff's physical RFC because she did not find any medical opinion addressing her physical functioning persuasive. (Dkt. 9 at 10). However, the ALJ found the September 2017 prior administrative finding of State agency

6

medical consultant Dr. M. Angelotti, opining plaintiff could perform sedentary work with occasional postural activities, partially persuasive. (Tr. 22; *citing* Tr. 80-81, 90-91).

As an initial matter, Dr. Angelotti's opinion was the type of medical assessment that the ALJ was allowed to consider in her analysis of plaintiff's physical impairments. See 20 C.F.R. § 416.920c(a) and (b). The ALJ analyzed the opinion's consistency and supportability, and ultimately found it to be only partially persuasive because the record did not support the physician's conclusions that plaintiff was limited to sedentary exertion. (Tr. 22). Despite discounting part of Dr. Angelotti's determination, the ALJ incorporated that portion related to plaintiff's ability to perform postural activities such as climbing stairs, balancing, and stooping into the RFC by limiting plaintiff to only the occasional performance of such activities. (*Compare* Tr. 19 *with* Tr. 80-81, 90-91). The ALJ explained she assessed a light RFC because other evidence in the record, including plaintiff's self-reported activities of daily living and mild exam findings were more consistent with a reduced range of light exertion. (*Id*.). This does not equate to the ALJ formulating plaintiff's RFC based on her lay opinion, but rather the type of analysis the ALJ was required to engage in to determine persuasiveness of the opinion. 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision"); *see also Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (ALJ did not err by failing to adopt consultative examining physician's conclusions in determining the claimant's RFC where the physician's findings were inconsistent with other contemporaneous medical records).

The Court recognizes the Agency's efforts to obtain medical opinions from plaintiff's eye doctor and primary care physician (Tr. 394-96, 425-29). As the ALJ explained, all providers declined to provide opinions and assessments. (Tr. 22; see Tr. 360-62, 394-96, and 425-29). The

Agency prudently made every reasonable effort to help the claimant get medical evidence from her own medical sources, without any mention of a requirement to seek, let alone obtain, an RFC-relevant medical source opinion from those sources. See 20 C.F.R. §§ 404.1512(b), 416.912(b). The ALJ's decision is not rendered unsupported by substantial evidence because plaintiff's providers chose not to submit evidence.

In addition to the opinion from Dr. Angelotti, ALJ Bell supported her RFC finding with additional substantial evidence from the record such as explained plaintiff's treatment records indicating largely normal or mild findings as well as medical reports of significant improvement with conservative treatment. (Tr. 21). *See* 20 C.F.R. §§404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v)(adjudicator properly considers the claimant's treatment modalities and their effectiveness). Not insignificant is Dr. Trock's November 2018 observation that plaintiff's lupus was dormant with her medications. (Tr. 21; *citing* Tr. 723). *See Patterson v. Comm'r of Soc. Sec.*, No. 1:18-CV-698-DB, 2019 WL 5419535, at *6 (W.D.N.Y. Oct. 23, 2019) ("The ALJ may consider that a claimant's medical condition improved with treatment."). The ALJ properly considered plaintiff's activities of daily living, including reports of exercising regularly, planning a trip to Florida, cooking, cleaning, and caring for a four-year old child. (Tr. 20; *citing* Tr. 460); *see* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Additionally, plaintiff worked part-time throughout the relevant period, as appropriately considered by the ALJ. (Tr. 20; *citing* Tr. 37); *Dyjewska v. Colvin*, No. 1:15-CV-00532(MAT), 2018 WL 703103, at *5 (W.D.N.Y. Feb. 3, 2018) ("Social Security regulations provide that employment 'during any period' of claimed disability may be probative of a claimant's ability to work. Thus, it would not have been impermissible for the ALJ to have drawn an adverse inference based on [the claimant's] ability to perform light-duty work, albeit on a part-time basis, during the period for which she claims to be totally disabled.")(internal citation

omitted). In sum, ALJ Bell considered the record as a whole when formulating the physical RFC and her findings are supported by substantial evidence.

Plaintiff's argument is a disagreement with how the ALJ evaluated the evidence. While she may disagree with the ALJ's conclusions, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to conclude otherwise. *Morris v. Berryhill*, 721 F. App'x 25, 29 (2d Cir. 2018) (internal citations and quotations omitted). It is ultimately plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (plaintiff failed his duty to prove a more restrictive RFC). Plaintiff presented no medical evidence of functional limitations greater than those found by the ALJ. For the reasons discussed above, the ALJ reasonably concluded that plaintiff failed to meet her burden of a more restrictive RFC. As a result, the RFC determination is supported by substantial evidence. Accordingly, there is no basis for the Court to disturb the Commissioner's determination.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED**.

Dated: January 13, 2023  *J. Gregory Wehrman*
Rochester, New York   HON. J. Gregory Wehrman
   United States Magistrate Judge

9